UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| JAROD GOLSON,<br><br>    **Plaintiff,**<br><br>v.<br><br>ZACK HAROLD, et al.<br><br>    **Defendants.** | No. 1:17-CV-00593<br><br>(Judge Rambo) |

## MEMORANDUM

Before the Court for disposition is a civil action filed by pro se Plaintiff, Jarod Golson, pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Upon review of the allegations within the complaint, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) with leave to amend.

### I.  Background

Plaintiff initiated this civil action by filing a complaint (Doc. No. 1) on April 4, 2017, naming as defendants two Lackawanna County detectives, Zach Harold and John Munly, a Lackawanna County Assistant District Attorney, Michael Ossont, and a Lackawanna County Magisterial District Judge, Terrence Gallagher. (Doc No. 1.) Plaintiff alleges that he was traveling with a friend to visit his god daughter, when his friend pulled-over into a hotel parking lot to meet another friend. (Id.) Plaintiff

alleges that they were then "ambushed" by the defendant detectives along with the Scranton Police Department. (Id.)

Plaintiff's claim against Magistrate Terrance Gallagher is that the Magistrate allegedly tried to convince Plaintiff's co-defendant in a related criminal case to retract testimony that would have purportedly exonerated Plaintiff from the criminal case. (Id. at 2 and 3.) Plaintiff's claim against Assistant District Attorney Michael Ossont is that Attorney Ossont told Magistrate Gallagher to charge Plaintiff with conspiracy even though the co-defendant stated that Plaintiff had nothing to do with the criminal acts. (Id. at 3.) Finally, Plaintiff's claim against the detectives is that they incarcerated him knowing that Plaintiff did not have any drugs on him and falsely accused Plaintiff of being on a wiretap. (Id.) Plaintiff seeks to recover damages in an excess amount of $5,000,000.00 against Defendants. (Id.)

## II. Standard of Review

Pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2), the Court is required to screen in forma pauperis complaints prior to service and "shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). An action is "frivolous where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual allegations are "clearly baseless" if they are "fanciful," "fantastic,"

or "delusional," Neitzke, 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

28 U.S.C. § 1915's failure to state a claim standard mirrors Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief. The complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for his claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly,

550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**III.   Discussion**

Plaintiff's complaint, as currently drafted, fails to state a claim upon which relief may be granted. In addition to this shortcoming, the doctrines of judicial and prosecutorial immunity also provide daunting road blocks for Plaintiff to overcome in order to state a claim against Magistrate Gallagher and Assistant District Attorney Ossont.

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

A basic rule of pleading requires that a "district court . . . determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Foweler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Plaintiff's complaint is completely conclusory and devoid of any specifically alleged conduct, wrongful or otherwise, of the named Defendants. Importantly, as currently drafted, the Court cannot discern whether the causes of action asserted in the complaint deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. To be sure, the following are the ostensible causes of action Plaintiff purports to bring against the Defendants: 1) false imprisonment / false arrest / malicious prosecution; 2) civil conspiracy; 3) intentional infliction of emotion distress; 4) abuse of process; 5) loss of reputation; 6) intentional interference with economic advantage; 7) battery; and 8) negligence. (Doc. No. 1.) Section 1983 simply does not provide relief for these causes of action.[1]

---

[1] Section 1983 requires the Court to focus on whether the conduct alleged deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). It appears Plaintiff is merely asserting state law claims. To the extent Plaintiff is attempting to seek relief from a conviction, a writ of habeas corpus would be the appropriate avenue, not a § 1983 action.

However, even if Plaintiff asserted cognizable claims, in order to comply with Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the Court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.  Plaintiff fails to provide any factual allegations to support any of the legal grounds for liability he attempts to bring against any of the named Defendants.  Such claims must be dismissed since Plaintiff fails to even provide threadbare recitals of the elements of any of the recited causes of action. Iqbal, 556 U.S. at 677-679 (Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).[2]  Accordingly, these claims against Defendants are subject to dismissal pursuant to Rule 8, as well as 28 U.S.C. § 1915(e)(2)(B)(ii) as there are no factual allegations that support the above causes of action brought against any of the Defendants.

---

[2] For instance, Plaintiff's purported negligence claim fails to state which Defendants were negligent; that is to say, which Defendants owed Plaintiff a duty, what that duty was, how that duty was breached, and the causation and resulting damages of that breach.  Even if he had sufficiently provided this information, Plaintiff fails to allege facts that would support a constitutional violation such as cruel and unusual punishment or deliberate indifference.

Moreover, it is well settled that a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Similarly, a prosecutor also enjoys a degree of immunity. A prosecutor is entitled to absolute immunity when he is functioning as the state's advocate in performing the questioned actions. Yarris v. County of Delaware, 465 F.3d 129, 136 (3d Cir. 2006). That is to say, prosecutors are absolutely immune for actions performed in a judicial or quasi-judicial role. Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008). Prosecutorial immunity extends to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

With these legal tenets in mind, it appears that Magistrate Gallagher and Assistant District Attorney Ossont are immune from suit. Despite this apparent immunity hurdle and the failure to state a cause of action upon which relief can be

8

granted, it is possible that these deficiencies can be remedied by amendment. Consequently, Plaintiff will be granted such an opportunity. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint already filed. Such amended complaint should set forth his claims in short, concise and plaint statements. It should specify which actions are alleges as to which defendants. If Plaintiff fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

### IV. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis but will dismiss the complaint and allow Plaintiff an opportunity to submit an amended complaint. An appropriate order follows.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: June 8, 2017