UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

JAROD GOLSON,

    Plaintiff,

v.

ZACK HAROLD, et al.

    Defendants.

No. 1:17-CV-00593

(Judge Rambo)

## MEMORANDUM

Currently before the Court is a civil action filed by pro se Plaintiff, Jarod Golson, pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Upon review of the allegations within the amended complaint, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and close this case.

**I.  Background**

Plaintiff initiated this civil action by filing a complaint on April 4, 2017, naming as defendants two Lackawanna County detectives, Zach Harold and John Munly, a Lackawanna County Assistant District Attorney, Michael Ossont, and a Lackawanna County Magisterial District Judge, Terrence Gallagher. (Doc No. 1.) In his complaint, Plaintiff alleged that he was traveling with a friend to visit his god daughter, when his friend pulled-over into a hotel parking lot to meet another friend. (Id.) Plaintiff alleged that they were then "ambushed" by the defendant detectives along with the Scranton Police Department. (Id.)

Plaintiff claimed that Magistrate Terrance Gallagher tried to convince Plaintiff's co-defendant in a related criminal case to retract testimony that would have purportedly exonerated Plaintiff from the criminal case. (Id. at 2 and 3.) Plaintiff claimed that Assistant District Attorney Michael Ossont told Magistrate Gallagher to charge Plaintiff with conspiracy even though the co-defendant stated that Plaintiff had nothing to do with the criminal acts. (Id. at 3.) Finally, Plaintiff claimed that the detectives incarcerated him knowing that Plaintiff did not have any drugs on him and falsely accused Plaintiff of being on a wiretap. (Id.)

On June 8, 2017, pursuant to the screening provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court issued a Memorandum and Order dismissing Plaintiff's complaint and granting him leave to file an amended complaint. (Doc. Nos. 7, 8.) On August 8, 2017, Plaintiff filed an amended complaint. (Doc. No. 12.) Plaintiff has added two additional defendants to the amended complaint: District Magistrate Jasmine Corbett and the President Judge of Lackawanna County, Michael J. Barrasse. (Doc. No. 12.) Plaintiff's allegations remain essentially the same against the original four Defendants.

In his amended complaint, Plaintiff alleges that he was wrongfully arrested by Defendants Zech and Munly. (Id.) Plaintiff further alleges that Assistant District Attorney Michael Ossont, Magistrate Judge Terrance Gallagher, Magistrate Judge Jasmine Corbett, President Judge Michael Barrasse, and Harold Zech all conspired

against Plaintiff.  (Id.)  Plaintiff states that he has sent Judge Barrasse numerous letters but hasn't heard anything from Judge Barrasse.  (Id.)  It appears that Plaintiff has also filed a complaint against Judge Barrasse with the Judicial Conduct Board and provides that he is waiting to hear back from the Board.  (Id.)

**II.     Standard of Review**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).  The Court has a similar obligation with respect to actions brought in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  The

Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an

entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

### III. Section 1983 Standard

In order to state a viable § 1983 claim, the plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Further, § 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

### IV. Discussion

In his amended complaint, Plaintiff alleges that he was wrongfully arrested and is currently falsely imprisoned. In reviewing Plaintiff's amended complaint, it is apparent that Plaintiff has not yet been convicted. (Doc. No. 12.) The Court has accessed Plaintiff's State Court criminal docket which verifies that Plaintiff is currently in the pretrial stages of his criminal proceedings.[1] Accordingly,

---

[1] The Court accessed Plaintiff's Lackawanna County criminal docket CP-35-CR-2437-2016 at https://ujsportal.pacourts.us, of which this Court takes judicial notice. See Golden v. Cook, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003) (providing that courts make take judicial notice, including "publicly available records and transcripts from judicial proceedings.").

Plaintiff's claims of false arrest, false imprisonment, and malicious prosecution will be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court concluded that a plaintiff may not recover damages under § 1983 if doing so would necessarily impugn the validity of the plaintiff's prior conviction. Heck, 512 U.S. at 486-87. Specifically, the Court held:

> [In] order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal …, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentences that has not been so invalidated is not cognizable under Section 1983.

Id. Stated another way, proof that a plaintiff's underlying conviction has been vacated, set aside, or otherwise altered is a prerequisite to any Section 1983 claim which would imply the invalidity of that conviction. See id.; Grier v. Klem, 591 F.3d 672, 677 (3d Cir. 2010) (observing that Heck "expanded the circumstances in which a prisoner is barred from bringing a Section 1983 claim").

Thus, "Heck stands for two important, but distinct, propositions: (1) Section 1983 claims that would impugn the validity or imply the invalidity of an underlying criminal conviction are barred unless the plaintiff can show that the conviction has been overturned; and (2) certain Section 1983 claims operate under a rule of deferred accrual, such that the claim does not accrue for purposes of initiating a Section 1983 action until the conviction is overturned." Clouser v. Johnson, 40 F. Supp. 3d 425, 431 (M.D. Pa. 2014) (citing Heck, 512 U.S. at 486-87).

The Supreme Court in Wallace v. Kato, 549 U.S. 384 (2007), subsequently and substantially narrowed the deferred accrual rule announced in Heck, explaining:

> [T]he Heck rule for deferred accrual is called into play only when there exists "a conviction or sentence that has *not* been … invalidated," that is to say, an "outstanding criminal judgment." It delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn.

Id. at 393 (emphasis in original). Accordingly, a conviction at the time a Section 1983 claim accrues in order to apply the substantive Heck bar is not required. Clouser, 40 F. Supp. 3d at 432. Plaintiff's false arrest, false

imprisonment, and malicious prosecution claims fall squarely within Heck's substantive claims bar, and as such, are barred and will be dismissed.²

With regard to Plaintiff's remaining claims leveled against Magistrate Judges Gallagher and Corbett, President Judge Michael Barrasse, and Assistant District Attorney Michael Osson, the Court finds that Plaintiff's amended complaint does not comport with Federal Rule of Civil Procedure 8. It does not sufficiently specify any conduct, wrongful or otherwise, of these named Defendants, and it does not sufficiently mention the personal involvement of Defendants with any cognizable constitutional claim. For instance, Plaintiff appears to allege a conspiracy against these Defendants. (Doc. No. 12.) The Court does not find that Plaintiff has stated a cognizable conspiracy claim against any Defendant. Plaintiff's bare conclusory allegation of conspiracy against Defendants is inadequate to state a cognizable conspiracy claim. See Flanagan v. Shively, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992). "The Plaintiff's allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in

---

² Insofar as Plaintiff contends that his confinement at the Lackawanna County Prison is unlawful, he must file a petition for writ of habeas corpus. See Preiser v.Rodriguez, 411 U.S. 475, 499 (1973) (holding that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"); See Boykin v. Siena House Gaudenzia Program, 464 F. Supp. 2d 416, 424 (M.D. Pa. 2006) ("it is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release.")

carrying out those objectives. Bare conclusory allegations of 'conspiracy' … will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Id.

Plaintiff does not specify any role or agreement of any Defendant in the alleged conspiracy, or what the basis of the conspiracy even is. Plaintiff fails to allege what any Defendant specifically conspired to do, or what specific actions any Defendant took in furtherance of the alleged conspiracy. Plaintiff also fails to aver any facts "showing an agreement or plan formulated and executed by Defendants to achieve a conspiracy." Ireland v. McDaniel, No. 10-387, 2011 WL 860390, *13-14 (W.D. Pa. Jan. 27, 2011).

In addition to these fatal issues, the doctrines of judicial and prosecutorial immunity foreclose Plaintiff's claims against these Defendants. It is well settled that a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the

'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Similarly, a prosecutor also enjoys a degree of immunity. A prosecutor is entitled to absolute immunity when he is functioning as the state's advocate in performing the questioned actions. Yarris v. County of Delaware, 465 F.3d 129, 136 (3d Cir. 2006). That is to say, prosecutors are absolutely immune for actions performed in a judicial or quasi-judicial role. Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008). Prosecutorial immunity extends to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Based upon the above, Plaintiff has not set forth a cognizable claim against Magistrate Judges Corbett and Gallagher, President Judge Michael Barrasse, and Assistant District Attorney Michael Ossont. Accordingly, Plaintiff's claims will be dismissed.

## V.    Leave to Amend

The Court is mindful that in civil cases pro se plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety unless an amendment would be inequitable or futile. Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factor Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Here, Plaintiff was already afforded an opportunity to amend his complaint. His amended complaint suffers from the similar defects of Plaintiff's first. Given that Plaintiff was already afforded an opportunity to amend and his claims set forth in his amended complaint are either Heck barred or barred by the doctrines of prosecutorial and judicial immunity, the Court can envision no scenario in which a second amended complaint would entitle Plaintiff to relief. Accordingly, Plaintiff will not be granted leave to file a second amended complaint and this action will be dismissed.

**VI. Conclusion**

For the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915(A) for Plaintiff's failure to state a claim upon which relief may be granted. An appropriate order follows.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: August 22, 2017